Dear Mr. Jones:
This office is in receipt of your opinion request on behalf of the Lafayette Municipal Fire and Civil Service Board wherein you ask if the Board's rules concerning annual leave for police officers were in violation of state law. The Board's rules currently state a police officer with more than six months, but less than five years, of service is entitled to twelve days annual vacation leave for each calendar year. This appears to conflict with the mandate of LSA-R.S. 33:2214(A)(1) which provides:
 Each employee of the police departments of the municipalities embraced by this Subpart, except the City of Westwego, shall, after having served one year with a respective department, be entitled and given with full pay an annual vacation leave of fifteen days during each calendar year, which shall not be denied to any such employee for any reason whatsoever.
However, this office believes a different statute, LSA-R.S.33:2214.2, is controlling in the instant case. It provide as follows:
 Except as provides in LSA-R.S. 33:2214(A), the Fire and Police Civil Service Board of the City of Lafayette and the governing authority of the City of Lafayette may agree to provide vacation benefits to employees of the police department in accordance with the vacation rules of the Municipal Government Employees' Civil Service System of the City of Lafayette, and such agreement shall serve to supersede the provisions of LSA-R.S. 33:2214(A).
A reading of these two statutes together makes clear the purpose of the latter. LSA-R.S. 33:2214(A)(1) outlines the minimum number of annual leave days which a police officer can earn after one year of service. Naturally, municipalities are left free to extend more days than the minimum of fifteen to their officers if they choose to do so. Consequently, no reason exists for the enactment of a special statute which applies only to the City of Lafayette other than to permit the City to go below the minimum number of annual leave days called for in LSA-R.S. 33:2214(A)(1).
This interpretation is strengthened by an examination of the legislative history of LSA-R.S. 33:2214.2. On May 22, 1986, the Senate Committee on Local and Municipal Affairs considered Senate Bill 610 which would later pass into law as LSA-R.S.33:2214.2. Mr. Jim Walker, who presented the bill, testified the legislation would allow the City of Lafayette to extend the same vacation benefits to police department employees as was extended to municipal employees, twelve days. In response to testimony offered in opposition to the bill Mr. Walker testified police officers would eventually earn more vacation time than under their current plan.
This office believes the clear purpose of LSA-R.S.33:2214.2 was to except the City of Lafayette from the provisions of LSA-R.S. 33:2214(A)(1). This was done so the City of Lafayette could administer an annual leave police for police officers which would be uniform to the one of municipal employees. This bill was passed with the clear knowledge that the municipal employees' plan only extended twelve days of leave annually.
I trust this sufficiently addresses your concerns. If our office may be of any further assistance to you, please do not hesitate to contact us.
Yours very truly,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: Charles H. Braud, Jr.
Assistant Attorney General